Good morning, Your Honors. Rose Ehler on behalf of Jamal Tarhuni, and I'm going to try to reserve three minutes of my time for rebuttal. The government has conceded that the dismissal with prejudice below was error, and as a result, the question before this Court is whether Mr. Tarhuni can cure the jurisdictional defect through an amendment below. Let me explain why the answer to that question is yes, both procedurally and substantively. Procedurally, if the complaint can be saved by any amendment, then this Court can reverse and remand with instructions to grant leave to men below, and we've cited a number of cases for that, being two. Substantively, a case is not moot if the District Court can provide any effective relief, and here there are three forms of effective relief that Mr. Tarhuni can plead, any of which would resolve the mootness issue. The first is that the District Court could order the government to remove Mr. Tarhuni from the Terrorism Screening Database, or the TSDB, you can call it the database, whatever's easiest. Second, the District Court can provide declaratory relief that would solve some of the ongoing reputational harms that have been caused by his wrongful placement on the No-Fly List in the first instance. And third, with limited discovery, Mr. Tarhuni would be able to seek leave to amend to reallege the Bivens claim against FBI agent Brian Zinn, who put him on the No-Fly List. On that last one, you're saying that's not ordinarily under the Iqbal regime, you've got to plead first and discover later. You're saying he gets to discover and then draft a complaint with respect to Bivens? Your Honor, what I'm saying is that he asked for limited discovery in response to the court's decision to convert the motion to dismiss into a motion for summary judgment, and that discovery was broader, and it would have uncovered, for example, the TSDB issue, but it also would have allowed him to connect agent Brian Zinn to the decision to put him on the No-Fly List. Okay, but my question is a little more subtle than that. If you're saying, well, he should be allowed to do discovery sufficient to allow him to bring a Bivens claim, are you saying that he does not have enough information and good faith in which he could allege a Bivens claim at this time? I don't believe he does at this time, which is why the District Court dismissed it and required him to have good faith to allege it again. Why should we permit you to discover your way to a viable complaint that meets Iqbal and Twombly? That's the question we're asking. Understood, Your Honor. I think that it's – You may be okay on the first couple of ones you had, you did, but the Bivens ones may give him a pause. Understood, Your Honor. And I think that the – And that was dismissed some time ago, was it not? I mean, he had an opportunity, if there were facts, that he could plausibly allege to replead that claim, but he did not. Yes, Your Honor. And the court required that he have a good faith basis for pleading that, and he didn't have that information at the time. There's a little bit more information that's come to light since then, so I certainly wouldn't want to preclude him at the District Court level from being able to allege that. But the point was that with discovery, he'd be able to affirmatively allege that. I realize that that's not – I mean, that's totally counter to our law, which says that you don't get to do that. I realize. It's just a – the damages are another form of relief that Mr. Terhouni could plead eventually in this case. I realize that he would need other forms to be able to – We're not talking about damages. We're talking about Bivens liability of the individual FBI agent here, isn't it? Right, which is a claim for damages, ultimately. Yes. But you first have to allege liability before you get damages. Yes, Your Honor. Okay. Yes. Yeah, yeah. Okay. But that doesn't take away from your prior two points, which is one, you could plead as to the database, and two, you could plead as to the reputational damage. Yes, Your Honor. Let me focus on the database question. Okay. Okay. So the – Counsel, can I ask about that? Please. You originally – I say you, I mean – Yes. Either he did it pro se or prior counsel, but was he pro se at the time? He had prior counsel, Your Honor. Okay. He had prior counsel. Okay. The original complaint, even as amended, asked solely for injunctive relief related to due process procedures for challenging being listed on the no-fly list. You're asking for a different form of an injunction than he has sought before. Is that right? That's correct, Your Honor, and that's because he didn't have any knowledge with respect to his placement on the TSCB when he was placed on the no-fly list. So my understanding, and this is in the record at ER 78, is how it works is an individual who's nominated to the no-fly list is also going to be included in the TSCB, which is the consolidated watch list. So the original unconstitutional nomination resulted in both harms. He would have had no way of knowing about the TSCB because he was on the no-fly list and couldn't even get to a TSA screening point or the gate to board a plane. And the impact of being within the TSDB is you're subject to heightened scrutiny at the TSA checkpoint and then again before boarding the plane. Well, actually, let me help you. It's worse than that. Initially, they wouldn't either confirm or deny that he was on the no-fly list. That's right, Your Honor. So how would he know about the TSCB? He had no way of knowing. Okay. Yeah. Yeah, yeah. And so that has really come to light since the district court dismissed the case and has really become... And in light of other related litigation. I mean, the guts of your argument is that the district court thought that the only relief that he should be allowed to have is the relief that he originally sought, which was no-fly list. She's, in a different case, set up different procedures. He's now been taken off the no-fly list for now. But you say, okay, that's fine. But the problem is, deeper than that, he's on the database and he should be allowed to amend the complaint, which she didn't allow him to do because she dismissed with prejudice. That's the guts of the argument. That's exactly right, Your Honor. And there was no way at that point in time for him to have asked for the relief that he is now seeking and the harm that he is now suffering because it wasn't apparent. And to allow the dismissal and without leave to amend to continue the mootness to a lend, he really has no way of challenging the ongoing effect of having been unconstitutionally placed on both of those lists in the first instance. Unconstitutionally placed on both of those lists as a matter of procedural due process, not substantive due process. Both, Your Honor, but substantive due process in particular in that there was no justification for his, no legitimate justification for him being placed on those lists and. Well, what is your, what is your cause of the action for substantive due process? Which is, which I'm, I'm, I'm very curious about, particularly since I think, I think the judge also found qualified immunity, didn't she? With, I think there are two questions. The, the judge found qualified immunity with respect to the claims that are not before this panel and we have not appealed. With respect to the Bivens claim and Agent Brian Zinn, the district court found that there wasn't enough information to connect him to the placement of Mr. Tarhouni on the no fly list. And with respect to the procedural due process claim and the substantive due process claim, those did survive the motion to dismiss and were allowed to go forward as originally pled, even though he, he repled and, and submitted a new complaint. And the substantive due process claim is the, the fundamental constitutional right that he has been deprived was the right to travel internationally. Now, the ongoing harm of him being within the TSDB is not the same as the right to travel internationally, but it's an ongoing effect of that same unconstitutional harm, and, and for that, I- The substantive due process claim in this particular case, that you believe, basically the judge found that the matter was moot, right? And it was dismissed because it was moot. Yes. All right, so it's up on appeal. What's on appeal here? The substantive due process claim. And what is that? What is that? What is the cause of action there on the complaint that you have now? And what are you asking for? It's- You weren't asking for damages, were you? That was the Bivens claim and we're not talking about that. But the substantive due process claim? The substantive due process claim is still the unconstitutional nomination to the no-fly list. The ongoing effect of that unconstitutional nomination, and that's, that's a deprivation of the fundamental due process right to travel internationally. The ongoing effect of that unconstitutional nomination is his presence. But you were asking, you were asking for damages for that substantive due process violation. That was not in the third amendment complaint. Okay, and you're asking to amend to ask for damages? No. We're asking to amend what, in discussing this terrorism screening database issue, we're asking to amend to allege that he was included in the terrorism screening database at the same time. And that as an, a matter of ongoing relief, the district court could award him an injunction or declaratory relief that he be, that his name be stricken or expunged from the terrorism screening database. That's what you want to amend because it, he didn't ask for that before.  Right. To be able to ask for that. Let me, I, I have the same concern Judge Silver does. Let me see if I can summarize what I understand your substantive due process claim to be. He alleges that the purpose of his foreign travel was as a medical mercenary, if I can use that term. Sure. Traveling to Libya to aid the guerrillas who were fighting Muammar Gaddafi. I wouldn't use those words, but okay. Well, I mean, wasn't he providing medical care to- And for individuals who were, who were- I thought he supported the, it was in conformance with U.S. policy at the time, right? Yes. We liked those guys, right? Okay. They were trying to depose a dictator. And so his theory is, my heart was pure when I made three different trips to the Middle East, all for medical assistance to these folks. And therefore, if that's the reason that I was put on the list, then my substantive due process rights have been violated because it infringes on my right as a U.S. citizen to engage in travel. Is that your claim? That's part of it, Your Honor. It's also that at the same time, there were, he believes and has alleged that he was put on the no-fly list to coerce him to be an informant against other members of the Muslim community within Portland. And there were- Didn't that happen after he was placed on the no-fly list? Or is he saying- He's saying that was why he was placed on the no-fly list. All right. Okay. All right. How is that? What is your authority for that being a substantive due process violation, a fundamental right loss or violation of a fundamental right? And I understand your right to travel, but is there something that shocks the conscience or what are you saying there? I don't understand it from the reading of the complaint or anything that I've read from you. The fundamental right to travel internationally is a due process right. And that has, I don't have the cases at my fingernail tips, but the district court found that. It is a due process right, but it doesn't necessarily constitute a substantive due process violation. It does if it was denied arbitrarily. So that's the claim. Yeah, there can be certain forbidden reasons for denying that right. And you're saying that if the reason is you refuse to cooperate with us as an informant with respect to the mosque in Portland, that's a forbidden reason. Right. And there could be others. There's no reason to suspect that that's what Zinn was doing there because he was the FBI agent from Portland who flew all the way there. That's exactly what we suspect was happening here. And is that what you alleged? And that's what we alleged. It's in the third amendment amended complaint. It's in the excerpts of record, I believe at tab 13. Okay, that's fine. And that's what the district court found and why she permitted the complaint as amended the third time to continue and for him to proceed on the substantive due process claim. There was no question before the district court that there was a substantive due process claim. Are you alleging that agent Zinn asked your client to become a confidential informant for the FBI when he was interviewed at the embassy in Tunisia? He did not ask during that interview. The allegation is that that was the purpose and he would have if the interview had continued. Well, how can you make that accusation if the agent never asked? The allegation is based on other examples that have happened within the Portland Muslim community at the same time to other individuals, including Mr. Fickrey, which is another case that's within the circuit. So it's on information and belief? And the surrounding circumstances, that he flew from Portland to Tunisia to interview him. So it wasn't something having to do with his experience within Libya or Tunisia. It was that agent and that he asked him information about the Portland Muslim community when he was interviewing him. At this point, it's an allegation. We're not the summary judgment. We haven't had some. We have we've not, for example, had a deposition of Zinn. That's right. And the district court found that that was sufficient. And if I could just point, I realize my time is running. But if I could just point this court to a case that I think is on point for the connection between the TSDB ongoing harm and the original no-fly list violation, the Norman Bloodsaw versus Lawrence Berkeley Laboratories case. In that case, the government had ceased the unconstitutional conduct of requiring mandatory testing for syphilis of government employees. And this court found that there was still enough ongoing harm through the keeping of the records of those tests to allow the plaintiffs in that case to challenge the original policy. And so from a mootness perspective, the district court has already found that the substantive due process violation can continue on. And it's just a question of whether there's ongoing relief you can seek. The declaration of the Deputy Director of the Terrorist Screening Center who said, based on the information that we currently know about Mr. Tarhouni, he's not going to be placed back on the no-fly list. That's what the district court relied on as a linchpin for mootness. For the mootness issue, Your Honor. But she hasn't made any ruling, she hasn't changed her mind about the substantive due process claim that it was sufficient to survive the motion to dismiss in the first instance. There's been no indication that the district court doesn't believe that that's a valid claim. And indeed, she found it to be a valid claim in her first order. It may or may not be a valid claim with respect to being on the database. That is to say, she found it was a valid claim with respect to being on the no-fly list. The consequence of being on the database is severe, but it does not necessarily mean, and certainly doesn't mean in the same manner, that you can't fly. So that's the next question. That's exactly right, Your Honor, and that's why I'm citing the Norman Bloodsaw v. Lawrence Laboratories case. But that argument wasn't before the district court at the time she ruled on mootness because he'd never asked for that. And it couldn't have been because he didn't know. Okay. And so the Norman Bloodsaw, let's go back. So you're just saying let's go back and send that for the complaint, then she can address the question. Yes. Okay. Let's hear from the other side. Thank you. And we've taken you over, but you've already seen that I'm a patsy. We will give you a chance to respond. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Joshua Waldman. I'm here from the U.S. Department of Justice representing the appellees. The unlawful injury alleged, actually alleged in the complaint, was unlawful status on the no-fly list, and the injury alleged was the inability to board a plane. That claim is moot. The plaintiff is removed from the no-fly list, was told he will, in a declaration from the government, that he will not be placed back on the no-fly list based on the currently available information. These are two unequivocal statements in the record. There's no legally cognizable interest currently on the question presented in the complaint, and that is why the district court correctly held that it was moot. Well, why did the district court dismiss it with prejudice? Well, as we concede in the footnote of our brief, we think that was a technical error, and you can't So if she dismisses it without prejudice, that should allow them repleating. No, Your Honor. First of all, as we cite in our brief, this court has authority where you can, for the limited purpose of changing a dismissal with prejudice to without, and also But if the district judge had understood that a dismissal with prejudice was improper, and that it had to be a dismissal without prejudice, it seems to me that there's a perfectly appropriate motion to file an amended complaint. Well, Your Honor, first of all, I think what I understand the district court is doing is it was made a technical error in writing with instead of without, because in the previous page, she says, if new information comes to light and you're resubjected to this, the courthouse door, of course, remains open to you, which is another way of saying your dismissal is without prejudice. And then I think she made just a one-wrote with instead of without, and this was something that the plaintiff But if you're right, I think it was more than a technical mistake. That is to say, the argument is the claim as pled with respect to the no-fly list may now be moot. I'm putting to one side capable of repetition, yet evading review. May now be moot. But that doesn't mean that no effective relief is available for what has happened here. And I think it's a fairly good argument that we should allow a repleading with respect to the database. What's wrong with that? Well, let me talk about the TSDB. Our view is, when you say, when the question under mootness about can there be any effective relief, that it has to be relief that addresses the unlawful conduct specified in the complaint and address. But you're not addressing then my question. I'm saying, why is it not appropriate to have a motion to amend the complaint? Well, your honor, there were three amended complaints here. And the district court did grant leave to amend. And they filed a third amended complaint. And there was no mention. But all of that was done at a time before she was taken off the no-fly list. He was taken off the no-fly list. Is that correct? Yes, yes, your honor. So now we've got a different situation. He's now off the no-fly list. And again, putting to one side capable of repetition, yet evading review is an argument. He still is suffering from, quote, suffering, from being on the database list, right? Well, I mean, I have to know what they allege is the injury from the database itself. The database itself, the TSDB, doesn't actually do anything to anyone. And counsel- Well, you know, that's a, how do I want to say it, a slightly evasive answer. It doesn't do anything. Are you saying it has no consequence? What I'm saying is the way the database works, and I think it's helpful to understand this, is all the TSDB has is information about it. It's not derogatory information. It's not classified information. It's your name, your date of birth, your photograph, things like that. Then information from the database is exported to other lists, such as the no-fly list, and those have consequences in the real world for people. And how far, I mean, you might want to read my opinion in Ibrahim, in which I describe at least some of this. I was counsel in Ibrahim, so I've read him many times. So you already lost one of these. The difference here is that in Ibrahim, as you said before, we didn't confirm or deny anything. Now we have a very robust process in which we give unclassified summaries of the reasons why someone was on the no-fly list, the very thing that you and some of the other judges were asking us to do in Ibrahim and some other cases. We now do that. We have back and forth. The government gives its reasons. But here's a question for you. It's almost a practical question rather than a technical question. Why are you resisting a challenge that he now seeks to bring to be included on that terrorism database? Well, I think there are a couple. It has a nasty name. The terrorist. Well, I'm not responsible for the name, Your Honor. I just litigate these cases. But I'll, if you have other suggestions, we're open to them. Well, maybe, I don't know, Freedom Fries. That might be taken. So let me give you a couple of reasons why I think it's harmful to do that at this point, as opposed to allowing him to file a new complaint, which the district court said he's perfectly willing to do. Number one is I think it's very unfair to the district court. The district court adjudicates the decisions based on the complaint and the allegations before it. And to reverse and remand to say you committed error because of something that was never litigated before you, I think is tremendously unfair. To the government, I think it's unfair because we litigate what's presented before us. And if we have to anticipate claims that aren't mentioned in the complaint, and this is a 53-paragraph, 17-page complaint. There's three amendments to it. If we have to anticipate... There's three amendments. And so what, tell us exactly what if it were remanded. What do you think is unfair for them not to be able to amend to add? Well, here's what I think is the unfair consequence. And I think the unfortunate consequence for this court, too, is if we have to start saying anytime someone has a challenge to one list, we have to defend every other list in its existence, whether it's in the complaint or not. You're going to start seeing briefs that just go on tangents. And we're always told by appellate judges, too, keep your briefs short and concise to the point. And now we have to sort of elaborate on these things. But I think I just heard you say, well, there's no reason why if we say, listen, it has to be without prejudice, which you've agreed there was a mistake to dismiss it with prejudice. There's nothing to prevent him from filing a new complaint challenging his inclusion on the database. Well, why, if you're saying we can file a new complaint, why are you objecting to him filing an amended complaint alleging precisely the same thing? There's a couple additional reasons that I'd like to get to, Your Honor, if I may. One thing, and before I say it, I have to say I'm going to refer to something that's not in the record. So if you don't want me to do that, please let me know. Well, I don't know what it is yet. Well, the plaintiff alluded to it. So we'll strike it after we consider it. I'll say it, and then you can decide whether you want to think about it. In footnote three, the plaintiff alludes to this. This is in a reply brief, that she alleges harms from the TSDB and the Select-T list that she alleges occurred post-dismissal. And after that, we received a letter from her. This was just a month ago. And she filed a redress complaint against the TSDB and the Select-T list through the DHS trip process. And another reason why I think it's not proper generally and specifically in this case to start adding these things is she's going through an administrative redress process as we speak, and that ought to be able to play out. And then at the conclusion of that, we'll have a full record, which there's no record before the district court. And then she can bring the claimant at this point. And- But why, if you say that she can file a new complaint. Yes. And if so, if she files a new complaint challenging inclusion on the database, in the database, you can make that objection. We'll just wait for it to play out. Okay, I understand that's a perfectly sensible rationale. And why is that any different from amending this complaint to file the complaint that you say that she's perfectly free to file? Well, I mean, I think it's a technical matter. I agree with you on that. But I think it's, I think, you know, you litigate these cases and there are consequences to the way that you litigate them. For example, in this case, she- Yeah, but I don't, I can see where you're going with this answer, but it doesn't seem to me responsive, because as I'm hearing you say it, she can do one or two things. She can file a new complaint challenging inclusion on the database, which you say is fine. Or she can amend this complaint to file precisely that complaint, and you say that's not fine. Well, what's the difference? Well, the difference also is, in the way she proceeded below, is she abandoned several claims, including abandoning any claim for injunctive relief and seeking only declaratory relief. And this is on page 16 of the Excerpt to the Record. The claims. On all the claims. And she concedes in the reply brief at page 11 that expungement, which is what she's seeking for the TSTD, is a form of injunctive relief. So I think the unfairness here is to say, not only can she go back and add a claim post-dismissal that she never alleged before, but she can then revive the very form of relief that she abandoned, not this counsel, but a different counsel, below. And I think that's tremendously unfair to the government and to the district court. Now, but if she filed a new complaint, she would not be – he would not – the plaintiff would not be bound by that concession in a prior litigation. So I think it's actually more unfair to them, unless you were to say, by virtue of getting to amend the complaint, the prior abandonment is gone. And if that's the case, and if that's really the case, you should say, please do amend, because I can hold you to that. Well, because we say the – you can always – you know, the government is often trying to affirm a dismissal that we get in the district court, but we realize we're always liable to be sued on – for some other claim by some other person. That's just the nature of – I'd be out of a job, if that were true. Counsel, let me suggest a middle ground. Sure. Suppose that we simply remanded, which you agree we have to do with regard to the dismissal with prejudice versus without prejudice, and directed the district court to consider whether or not it might grant leave to amend. Would that be acceptable to the government? I mean, I think – I think the best thing to do in these types of cases is to have a new complaint filed, because – So is your answer – so is your answer no? I mean, it wasn't a – it wasn't – The answer – I guess the answer would be no wouldn't be the preferred course, but I don't think that you're powerless to do that. But if we did that, and she didn't, then it could be appealed on abuse of discretion? I suppose, yes, because she's – Judge Brown, I don't like to get into ad hominem or ad feminem remarks, but I want to – Judge Brown's a very sensible judge. Yeah. She may say – and there are other judges who may say, you know, it's too late, but I said the courtroom door is open, and that's fine. But I do want to say one very specific thing unrelated to the TSDB. If you went that course, I think it's very important to emphasize that the Bivens claims cannot be reinstated on any kind of remand.  They were dismissed for failure to state a claim. They were – that ruling was unappealed. That's a final judgment. And if it were unconnected to any other claim, there'd be no question that you couldn't possibly remand them. And the fact that it's attached to something else doesn't revive them. That's just a final judgment. Well, that's why we were giving Ms. Eller a hard time when she was up about what she would allege if she were to reallege the Bivens claim. And as I understood her answer, at this point, it's pretty thin in terms of – Yeah, I mean, I don't want to – About discovery, she basically doesn't have much to support a Bivens claim. Right. And she didn't ask for discovery on the Bivens claim. She asked for discovery on the things that survived the motion to dismiss, which were – the Bivens claims did not. So if we go back to my question, if we remanded it and said to Judge Brown, you know, you should consider on remand whether or not you might grant leave to amend, it probably would not be an improper ruling for her to say, look, the Bivens claim, I'm not going to reopen. That's final. You had your opportunity and you didn't amend when I dismissed it and judgment has been entered and the answer's no. I don't think that it would be open to her to allow them to restate their Bivens claims. I think it would be open for her to allow them to amend for the TSDB, but not for the Bivens claims. So if you – It's kind of up to her. I mean, let her do what she thinks she can do properly, and then if you don't like it, you can appeal. But – Oh, of course. I'm not going to say that she can or can't. I can kind of guess as to what she might do. Right. I think our argument would be there's a final judgment, an unappealed final judgment. Hopefully she'd agree with us. Your Honor, you seem to have a question. You've answered my question. Okay. If I could, I just want to get to one other point about the TSDB, and I don't want to belabor it, but the opposing counsel made a statement which I don't think is accurate, which is that she couldn't have alleged – they couldn't have alleged the TSDB because they didn't know about it in time. And that's just not accurate. And first of all, yes, she didn't know whether she was on the TSDB. She still doesn't know whether – he still doesn't know. But he didn't know whether he was on the no-fly list either, and that didn't stop him from filing a complaint. But when they got – we got to the summary judgment portion, the judge said, after all of the – And he didn't know whether he was on the no-fly list because they wouldn't let him fly. That's correct, Your Honor. And now – We would call that a clue. Yes. And now, of course, we tell U.S. citizens and U.S. persons. But as part of the summary judgment proceedings, the judge said, submit any additional material that you think is relevant to me. And in Volume 2 of the Joint Appendix, there are all the materials that the plaintiff filed, which are materials going back to 2014 and 2015, which mention the TSDB. So it wasn't as if this was some secret that she couldn't – that they couldn't have put in their complaint back from the beginning. And I do think it's not just this case. I heard the arguments before, and in every single one of them, someone was saying there was a waiver or someone didn't argue something. And I think if you just permit endless amendments for new things developed on appeal, you turn this Court from a court of review to a court of second chances and amending of complaints. I just don't think that's proper, especially when the courtroom door remains open, and all we're saying is start a new case with a new clean record that's not muddied by all the litigation that happened before. I think that's fair for the district court. This is part of your argument, but I'm going to give you a chance to back away from it. Are you telling me that when she files her new complaint, which is what you say she should do, the prior thing that she abandoned, you're not going to hold her to that? That is to say, she abandoned a request for injunctive relief in the earlier he abandoned a request for injunctive relief in the earlier case. You said if this remains this case, you're going to say you're stuck with that. But the advantage to her of the new complaint is that she won't be stuck with it. Are you committing to that? Yeah. I don't think there's two ways about it. Just because you waive something in one case. The only difference would be if there was some argument, and it's not before this Court, as to collateral estoppel, because it was a claim that you could have brought and you might have. So you are backing away. Okay. Well, I'm saying that that would be an argument open to us, but that would have to be an affirmative defense that we would plead if we thought it was appropriate. And it might depend, Your Honor, on exactly how she. And again, I don't want to get too deep into the weeds on this one. Collateral estoppel requires something that was, quote, actually decided. Yes. It sounds as though she abandoned, he abandoned. That's not actually decided. It was summary judgment, wasn't it? It was summary judgment, yes. And so the abandonment of the claim for objective relief, that comes out of summary judgment? Yes. We filed a motion to dismiss, and the district court converted it into a motion for summary judgment. But I think it would depend. You would really have to see what the complaint is, because whether it was exactly the same issue or not would depend on how it was pled and what they asked for. So all I'm saying is I'm not committing us to forfeiting collateral estoppel in some hypothetical future case that hasn't been filed. I'm not. But if there are any other questions, I'm happy to answer them, Your Honor. If not, I just ask you to affirm the dismissal. Thank you. Would you like two minutes? Your Honors, I just briefly want to address why the government so desperately wants you to dismiss this case entirely and ask Mr. Tarhouni to file a new complaint. And that's because there's going to be a statute of limitations issue. The TSDB violation is the same violation as the no-file-less violation, and there would be a real statute of limitations if we were forced to bring in a new complaint now. Is that right? I thought your theory was that by virtue of the fact that he's in the system, that that poses a threat of continuing harm to him in the event that he's listed again or some other improper use is made of that fact. It does, Your Honor, but the underlying conduct, the unconstitutional conduct for why he was placed on the list in the first place for the improper motives, that relates back to the 2012 no-fly list nomination when he was in Libya. And so that's at the heart of it. That's the conduct. And so he needs that to be able to continue to litigate this case and seek relief from the TSDB. What's your response to government counsel's argument that he knew as early as 2015 of the existence of the TSDB? He knew of the existence. He didn't know if he was within it or on it. And, of course, when the government said two things about that. When the government said that it was removing him from the no-fly list, one would think that perhaps the government would recognize he never should have been on either list to begin with and would remove him from both. But Mr. Terhouni had no idea that the government was not going to remove him from all of the lists because he has no connections to terrorism. He's just a perfectly normal U.S. citizen. And so when the government removed him from one list and didn't tell him that he was going to stay on the other list, he would have no way of knowing that and bringing that to the court's attention. And then the other thing I want to mention just very, very briefly is that this was first brought to Mr. Terhouni's attention in his answer. So it couldn't have been alleged in the complaint at all. So even though it's in the summary judgment record, it wasn't there before he filed his complaint. And we'd ask that Your Honors reverse and remand with instructions for the District Court to grant leave to him. Thank you. Thank you very much. Now, my understanding is that you and your firm are doing this pro bono. Yes, Your Honor. This is in no way a hint as to merits. Of course. But we as a court very much appreciate the work that pro bono lawyers like you do. It makes our life much easier. Thank you. It's absolutely. In cases like this. It's absolutely been a pleasure. So thank you for the good. And the government is doing a very good job, too. So this is not a slam on the government. But I thank both sides for a very good lawyer. You'll get paid a salary. What's a salary, right? Thank you. That's pro bono. Terhouni versus Sessions is now submitted.
judges: W. Fletcher, Tallman, Silver